**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **STEPHEN T. BARNETT, GWENDOLYN** | : | **CIVIL ACTION** |
| **BARNETT and S.T. BARNETT** | : | |
| | : | **NO.  14-4146** |
| **v.** | : | |
| | : | |
| **DEPARTMENT OF LICENSES AND** | : | |
| **INSPECTION OFFICE OF COMMISSIONER** | : | |
| **CARLTON WILLIAMS** | : | |

**<u>MEMORANDUM OPINION</u>**

**Savage, J.**                                                                                                **April 29, 2015**

In this *pro se* civil rights action brought under 42 U.S.C. § 1983, the plaintiffs allege that the defendants, the City of Philadelphia and Commissioner Carlton Williams, wrongfully demolished their property at 443-441 West Bringhurst Street, Philadelphia PA.[1]  They contend that the demolition deprived them of their property without due process in violation of the Fourteenth Amendment.  The City of Philadelphia has moved to dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(6), arguing that neither it nor Commissioner Carlton Williams demolished the property.

Accepting the allegations in the complaint as true and giving deference to the *pro se* plaintiffs, we conclude that the action is barred by the statute of limitations.  Therefore, we shall grant the motion to dismiss.

The plaintiffs' claims arise out of the demolition of their property more than fifteen

---

[1] The plaintiffs do not allege any personal involvement by Commissioner Williams himself, or that he directed another to violate the constitutional rights of the plaintiffs.  Consequently, we interpret the plaintiffs' amended complaint as an action against the City of Philadelphia and Commissioner Williams in his official capacity.  *E.g.*, *Baker v. Monroe Twp.*, 50 F. 3d 1186, 1200 (3d Cir. 1995) (describing "well established standard for individual liability under § 1983).  Therefore, this action is against the City of Philadelphia only and we will refer to the defendants as "the City" throughout.  *Kentucky v. Graham*, 473 U.S. 159, 165-66 (1985) (holding that an official capacity suit is a suit against the entity of which the officer is an agent).

years ago.  In their amended complaint, the plaintiffs specifically cite March 16, 1999 as the date of the demolition giving rise to their claims.[2]  Based on information gleaned from documents appended to the plaintiffs' original and amended complaints, the path to demolition began in July, 1996 when the City of Philadelphia sought an injunction to require the plaintiffs to repair or demolish their properties, which were determined to be dangerous.[3]  The path ended when the property was demolished on or about March 16, 1999.

The plaintiffs attached copies of a building permit dated September 26, 1996 by the Department of Licenses and Inspections.  The permit described the work to be done as the replacement of three square feet of a masonry wall, missing brickwork on the front and back chimneys, roof sheathing and rafters on the front porch "to comply with dangerous violations."[4]  There is no allegation that this work had been completed or the dangerous conditions were cured before the property was demolished.

Section 1983 claims are governed by the state statute of limitations for personal injury claims.  *Kach v. Hose,* 589 F.3d 626, 634 (3d Cir. 2009).  In Pennsylvania, the statute of limitations on a personal injury action is two years.  42 Pa. Cons. Stat. Ann. § 5524.  Thus, the plaintiffs' § 1983 claim is subject to the two-year statute of limitations.

Typically, a statute of limitations defense cannot be raised in a 12(b)(6)  motion. However, when it is apparent on the face of the complaint that the statute of limitations has expired, the complaint may be dismissed at the pretrial stage.  *Benak ex rel.*

---

[2] Am. Compl. at 3 (Doc. No. 4).  Also, in a General Claim Information Form filed with the City on January 28, 2012, the plaintiffs claimed the demolition occurred on March 16, 1999.  Mot. to Dismiss Ex. A at ECF 7 (Doc. No. 10-2).

[3] Permanent Inj. ¶¶ 2-4 at ECF 13 (Doc. No. 4).

[4] Building Permit at ECF 9 (Doc. No. 4).

*Alliance Premier Growth Fund v. Alliance Capital*, 435 F.3d 396, 400 n.14 (3d Cir. 2006) (citation omitted).

In their complaint, the plaintiffs alleged that the wrongful demolition occurred on March 16, 1999.  They did not file this action until July 8, 2014, more than fifteen years after the demolition.  Therefore, because the action is clearly time barred, we shall grant the motion to dismiss the complaint without leave to amend.